THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BEATRICE MILES, Appellant.

First Department, January 29, 1937.

*Arthur A. Madison,* attorney for the appellant.

*Ambrose J. Delehanty, Deputy Assistant District Attorney,* of counsel [*William Copeland Dodge, District Attorney, New York County*], for the respondent.

McAvoy, J. We conclude that the surrounding circumstances were such as to establish the crime by other evidence than the admissions of defendant which in themselves contained all other elements necessary to make out the crime charged in the information. The judgment should be affirmed.

Martin, P. J., and O'Malley, J., concur; Glennon and Untermyer, JJ., dissent and vote to reverse and dismiss the information.

Untermyer, J. (dissenting). I dissent upon the ground that the defendant's admissions to the arresting officer are insufficient to sustain the conviction " without additional proof that the crime charged has been committed." (Code Crim. Proc. § 395.) That means that the defendant's admissions would alone be sufficient to connect her with the crime provided the commission of the crime, or the *corpus delicti,* were established by " additional proof." The difficulty is that, apart from the alleged admissions, the proof merely discloses that at the time the officer entered the defendant's apartment she was entertaining three guests who had liquor in glasses on the table and that there was a moderate quantity of other liquor in the apartment. Manifestly this is no evidence of any sale. The only evidence of sale consists of the admissions claimed to have been made by the defendant to the police officer that the liquor had been sold to the men who were seated at the table. If we exclude those admissions from consideration, there would remain no evidence whatever to sustain the charge that any sale of liquor had occurred. How, then, can it be said that there is " additional proof that the crime charged has been committed."

The judgment should be reversed and the information dismissed.

Glennon, J., concurs.

Judgment affirmed.